[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION ON DEFENDANT'S SECOND MOTIONFOR SUMMARY JUDGMENT
The court denies the defendant Town of West Hartford's Motion to Reargue dated November 3, 1995 but will address in this Supplemental Decision the issues of recreational immunity and proximate cause.
The issue of recreational immunity was dealt with at length by the parties and the court during oral argument. Whether the defendant town enjoys immunity under the Recreational Immunity Statute § 52-557g of the General Statutes will depend upon what the $35.00 an hour fee charged is put toward. Affidavits of James Capodiece and Robin Collins state these fees go toward the operational costs of the Elmwood Community Center. The gym is one part of the Center. Other cases briefed by the defendant on this issue cover situations where the fees charged for particular sports activity are documented as being for goods and charges directly related to the sport played, i.e. trophies, coaches, umpires, etc.
Whether or not the fees charged in the instant case are used up in maintenance and custodial costs as claimed by the defendant, is an issue of fact to be resolved at trial. Accordingly the defendant's second motion for CT Page 12481-O Summary Judgment on the issue of Recreational Immunity is denied.
On the issue of proximate cause, authority cited by the defendant is authority for the proposition that expert medical testimony is necessary as to the existence, extent and cause of an injury. The defendant relies on the deposition testimony of Dr. Kalayjian for its position that there is no causal connection between the injury and the gym floor.
The deposition testimony of Dr. Kalayjian attached in part to the Summary Judgment motion contains the following question asked of him: ". . . and do you have any opinion at all as to how Mr. Tavana's injury was caused?" The answer given by the doctor was: "Well, yes, I know he was playing basketball at the time, and I assumed that it was sudden planter flexion — well, dorselflexion of the foot and ankle that caused the injury. Probably came down wrong on it or something." Nor do we find conclusive the deposition testimony of Mervyn Strauss, plaintiff's engineering expert, when in response to defense counsel's question, "so you have no opinion as to whether or not this floor in fact, caused the injury", Strauss answered "not as of this moment I don't".
This court's reading of the expert's deposition, testimony, and in particular the Sections quoted above leaves us unpersuaded that it can be found as a matter of law that the injury was not caused by the alleged defect in the gym floor under the basketball hoop. Accordingly on the issue of proximate cause the motion is denied.
M. Hennessey, J.